CAVANAGH, J.
(dissenting). I concur with the result reached by Justice KELLY in her dissent. While I agree with much of Justice KELLY’s analysis regarding Attorney General v Diamond Mortgage Co, 414 Mich 603; 327 NW2d 805 (1982), and Smith v Globe Life Ins Co, 460 Mich 446; 597 NW2d 28 (1999), I do not agree with all the stated rationale in her dissent. I do not believe that the application of Smith should be limited to the insurance industry. Instead, I believe that Smith should be overruled on the basis of the factors set forth in Robinson v Detroit, 462 Mich 439; 613 NW2d 307 (2000). As explained in my opinion concurring in part and dissenting in part in Smith, supra at 479-480, the test adopted in Smith is so broad that it precludes many permissible claims under the Michigan Consumer Protection Act, MCL 445.901 et seq. Moreover, not only was Smith wrongly decided, the Smith decision defies practical workability because it disallows numerous claims that are actually allowed under the relevant statutory language.
Further, I do not agree that residential home builders are not specifically authorized to engage in the general conduct of residential home building. As stated in my opinion in Smith, a proper inquiry first examines “whether the specific transaction or conduct at issue, as opposed to the general transaction, is ‘specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state....’” Smith, supra at 476, quoting MCL 445.904(1)(a) (emphasis added). The specific conduct at issue in this case — essentially, not completing work by the agreed-upon time, doing work that did not meet the agreed-upon specifications, and making various *217 misrepresentations — is not conduct that is specifically authorized. Thus, I would affirm the trial court’s denial of defendants’ motion for summary disposition.